UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JOHN DOE,<br>*Plaintiff,*<br><br>v.<br><br>DAVID BYRD, *et al.*,<br>*Defendants.* | No. 1:18-cv-00084<br><br>Judge Eli Richardson<br>Magistrate Judge Jeffery Frensley |

## DEFENDANT DAVID BYRD'S MEMORANDUM IN SUPPORT OF MOTION TO RESCIND PRIOR ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (D.E. 32) AND TO COMPEL PLAINTIFF TO SUBSTITUTE NAME OF REAL PARTY IN INTEREST UNDER FED. R. CIV. P. 17

Defendant, David Byrd, requests that the Court rescind its prior Order granting Plaintiff John Doe's request to proceed anonymously based upon newly discovered evidence and the need for public vetting given novel legal theories recently presented by Doe within his amended complaint. Defendant Byrd requests the Court Order Doe to substitute his actual name as the real party in interest to these proceedings in all filings henceforth.

### Background

On November 13, 2018, Plaintiff, John Doe, filed a civil complaint against Defendant David Byrd and others alleging a conspiracy to violate Doe's civil rights. (*Complaint*, D.E. 1). Doe also filed an accompanying motion seeking permission to proceed anonymously based upon: 1) the sensitive nature of the issues; 2) Doe's status as a minor; and 3) the possibility of retaliation.

1

(*Motion for Protective Order*, D.E. 2, PageID# 11).  On February 21, 2019, Defendants filed a joint motion to dismiss based upon a lack of subject matter jurisdiction.  (*Motion to Dismiss for Lack of Jurisdiction*, D.E. 23).  Defendant Byrd also filed a motion requesting the Court appoint a guardian *ad litem* because Doe lacked capacity to sue.  (*Motion to Appoint Guardian Ad Litem*, D.E. 25).  On February 22, 2019, the Court granted Doe's unopposed motion to proceed anonymously.  (*Order*, D.E. 32).

On March 7, 2019, Doe filed an amended complaint and advised "[s]ince filing this lawsuit, Plaintiff has had his 18th birthday. Plaintiff is no longer a minor and has capacity to pursue this case." (*Amended Complaint*, D.E. 33, PageID# 97).  Within the amended complaint, Doe raised for the first time an allegation that he suffered emotional distress, humiliation, shame and fear as a result of the events in question.  Doe also filed a response to the motion to appoint a guardian *ad litem*, providing:

> Since the filing of this lawsuit, Doe attained the age of majority and now has the capacity to maintain this suit without a Guardian Ad Litem or next friend.  Doe filed an Amended Complaint today, which became the operative complaint in this action in which he alleges he is 18 years of age.

(*Doe's Response to Motion to Appoint Guardian Ad Litem*, D.E. 34, PageID# 129).  Until the filing of the March 7, 2019, amended complaint and response, Defendant Byrd presumed Doe had not attained the age of majority given his outstanding representations to the Court that Defendant was a minor.

Defendant Byrd agrees that the appointment of guardian *ad litem* is no longer appropriate because Doe has attained the age of majority.  For the same reasons, however, there is no longer good reason to allow Doe to proceed anonymously.  The compelling public interest in open Court proceedings must be viewed in light of newly discovered evidence regarding Doe's age and considering newly raised legal theories regarding Doe's alleged injury-in-fact with respect to

emotional distress.  Accordingly, Defendant Byrd requests the Court rescind the Order allowing Doe to proceed anonymously (D.E. 32) and Order Doe to substitute his real name as to the Second Amended Complaint in a manner consistent with Federal Rules of Civil Procedure 10 and 17.  This motion also serves as notice of objection regarding the failure of Doe to prosecute in the name of the real party in interest under Fed. R. Civ. P. 17(a)(3), such that it is requested this action be dismissed with prejudice should Doe fail to substitute his real name in a reasonable time.

## Law & Argument

The public disclosure of the identities of parties in a lawsuit is required by Federal Rule of Civil Procedure 10(a).  "Court records should be sealed only in exceptional cases where compelling reasons exist.  Similarly, requests for anonymity in a lawsuit should be granted sparingly only in exceptional circumstances." *Ericksen v. Doe*, No. 15-CV-10088, 2015 U.S. Dist. LEXIS 115986, at *2 (E.D. Mich. Sep. 1, 2015) (internal citations omitted).  "Identifying the parties to the proceeding is an important dimension of publicness.  The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997).  To determine whether to allow a party to remain anonymous, some of the factors the Court may consider are: (1) whether the plaintiff is suing to challenge governmental activity; (2) whether the prosecution of the suit will compel the plaintiff to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

"As to the first factor, only in a very few cases challenging governmental activity can anonymity be justified." *Ericksen v. United States*, No. 16-cv-13038, 2017 U.S. Dist. LEXIS 8002 at *3; *citing Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).  The Sixth Circuit has

recognized the need for anonymity only in those exceptional cases where plaintiffs are suing to challenge government activity which requires "plaintiffs to reveal their beliefs about a particularly sensitive topic that could subject them to considerable harassment." *Porter*, 370 F.3d at 560.

*Porter* involved the possible disclosure of plaintiffs' religious beliefs in a suit parents brought on behalf of their young children to challenge the teaching of the bible in public schools. *Id.* at 559. In that case, the disclosure of the parents' identities was likely to subject them to public attacks as a letter to the editor and an article in the local media had already threatened to harm the plaintiffs if their identifies were made known. *Id.* Here, by contrast, there is no evidence that Doe risks any public persecution if his identity is revealed. In fact, Doe's identity has never really been much of a secret to anyone at Wayne County High School, because as Doe admits in his amended complaint, he appeared at school on October 15, 2018, yet voluntarily withdrew from participating in the field trip in full view of all of his classmates—this was hardly a discreet event in such a small school.

Second, Doe cannot show that this case involves the sort of sensitive and highly private information which courts have found deserving of anonymity such as birth control, abortion, homosexuality, or religious beliefs capable of subjecting plaintiffs to considerable harassment. *See Porter*, 370 F.3d at 560-61; *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712-13 (5th Cir. 1979); *Ericksen*, No. 16-cv-13038, 2017 U.S. Dist. LEXIS 8002, at *3-7. For example, the Court in *Roe v. Adams-Gaston*, No. 2:17-cv-945, 2017 U.S. Dist. LEXIS 181930, at *2 (S.D. Ohio Nov. 2, 2017), allowed the plaintiff to proceed anonymously in a civil action related to allegations of sexual misconduct committed by the plaintiff. But, the court noted "Plaintiff shall inform the Court if her identity becomes public

knowledge at any point during the litigation. The Court would, in that situation, reconsider the analysis supporting Plaintiff's request to proceed anonymously." *Id*.

Third, Doe does not risk criminal conviction by bringing this lawsuit nor disclose any intent to violate the law.

Fourth, Courts have generally only granted protection to very young children. *Porter*, 370 F.3d at 561. In *Porter*, children who were allowed to proceed pseudonymously were in the First and Fifth Grade. In *Stegall*, the two children at question were in Middle School. In contrast, Doe is an adult, who even in November 2018 was evidently mature enough to obtain legal representation on his own without the guidance of a legal guardian to bring suit on his behalf.

The factors provided by *Porter*, while instructive, are not exhaustive of facts this Court may consider in determining whether to allow Doe to proceed anonymously. In *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996), the Court identified the following additional considerations that also favor disclosure and are equally applicable to the case at hand.

First, plaintiff has chosen to bring this lawsuit—twice. He has made serious charges and has put his credibility in issue. Fairness requires that he be prepared to stand behind his charges publicly.

Second, this is a civil suit for damages against public officials, where Doe is seeking to vindicate primarily his own interests by obtaining compensatory and punitive damages.

Third, Defendant Byrd has been publicly accused. If Doe were permitted to prosecute this case anonymously, Byrd would be placed at a serious disadvantage, for he would be required to defend himself publicly while plaintiff could make his accusations from behind a cloak of anonymity. *See Southern Methodist Univ. Ass'n of Women Law Students,* 599 F.2d at 713 (Because "the mere filing of a civil action against . . . private parties may cause damage to

their good names and reputation," "basic fairness" dictates that plaintiffs who publicly accuse defendants in civil suits "must [sue] under their real names."); *Doe v. Hallock,* 119 F.R.D. 640, 644 (S.D. Miss. 1987) ("By filing her complaint, the plaintiff has levelled serious charges against the defendants, and has specifically identified them in the complaint."). Indeed, this very type of anonymous attack occurred on January 3, 2019, when Doe's representative, appeared on local news accusing Defendants of violating Doe's constitutional rights.[1]

Finally, the public has a right of access to the courts. Indeed, "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Doe v. Deschamps,* 64 F.R.D. 652, 653 (D. Mont. 1974); *accord Doe v. Rostker,* 89 F.R.D. 158, 162 (N.D. Cal. 1981); *see also United States v. Amodeo,* 71 F.2d 1044, 1995 U.S. App. LEXIS 34760, *5, 1995 WL 731609, at *2-3 (2d Cir. 1995) (discussing the "presumption of access" in the context of the sealing of documents filed in court). This consideration is especially true in a matter such as this where if Doe is successful in obtaining a financial award against these public officials, the ultimate payment will be shouldered by the Tennessee tax-payers who have a right to know who is knocking at the doors of the treasury.

Finally, whereas allowing Doe to proceed anonymously was of minimal, if any, prejudice to Defendant in defending the allegations within the original complaint, Defendant Byrd's ability to effectively respond to the novel allegations of emotional distress contained within the amended complaint is significantly impaired by allowing this matter to proceed anonymously. Doe has squarely placed his own credibility at the heart of this litigation and Defendants are entitled to have the benefit of the fullness of Doe's claims made public to test their veracity. "When information

---

[1] Jason Lamb, *State AG to Defend Rep. Byrd in First Amendment Lawsuit*, News Channel 5 Nashville (Jan. 3, 2019), https://www.newschannel5.com/news/state-ag-to-defend-rep-byrd-in-first-amendment-lawsuit (last visited March 11, 2019).

is disseminated to the public through the media, previously unidentified witnesses may come forward with evidence. Public access creates a critical audience and hence encourages truthful exposition of facts[ ]". *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1178 (6th Cir. 1983).

## Conclusion

Under the four factors identified by the Sixth Circuit in *Porter*, and considering the record as a whole, this is not the sort of case deserving of an exception from the general rule that Court proceedings should remain open and the identity of the parties should be made known to the public.

DATED this 14th day of March, 2019.

Respectfully submitted,

*/s/Clay Lee*
Clay Lee (BPR # 029271)
Epstein Becker & Green, P.C.
424 Church Street, Suite 2000
Nashville, Tennessee 37219
Telephone: (629) 802-9250
Facsimile: (202) 296-2882
CLee@ebglaw.com

*Attorney for David Byrd*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing was electronically filed on the 14th day of March, 2019. Notice of this filing will be sent by operation of electronic mail to the following:

Benjamin A. Gastel
Branstetter, Stranch & Jennings, PLLC
The Freedom Center
223 Rosa L. Parks Avenue
Nashville, TN 37203

*/s/Clay Lee*
Clay Lee