IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:18-cv-00084 |
| ) | Judge Richardson/Frensley |
| DAVID BYRD, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

## I. INTRODUCTION

John Doe, a public high school student in Wayne County, Tennessee, alleges that he was compelled to engage in political speech through the mandatory wearing of a tee shirt that advertised David Byrd's campaign for state representative while on a school-sponsored field trip. Docket No. 1. Early in the case, Mr. Doe filed a motion for protective order, asking the Court to allow him to proceed under a pseudonym. Docket Nos. 2, 3. Mr. Doe argued that his situation was similar to and met the requirements of *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) including:

> Plaintiff is challenging government activity, specifically the requirement that Wayne County High School students wear attire that favors one candidate for public office. Plaintiff is a minor. The race for David Byrd's re-election was particularly intensive this year following several news media reports of sexual misconduct involving Representative Byrd and former students at Wayne County High School.
>
> Unfortunately, cases involving politically charged debates and the constitutionality of government actions have long given rise to threats and violence and "[t]he backlash is well documented."

> The use of pseudonyms will not prejudice Defendants. The parties
> can litigate effectively without using the real names of Plaintiff and
> his family members. Plaintiff is not asking to limit Defendants'
> discovery.

Docket No. 3, p. 2 (footnote and internal citation omitted).

None of the Defendants, including Mr. Byrd, opposed the motion for protective order. After fully considering the *Porter* factors and their application to this case, the Court granted Mr. Doe's motion. Docket No. 32.

The matter is now before the Court upon Mr. Byrd's "Motion to Rescind Prior Order Granting Plaintiff's Motion for Protective Order (D.E. 32) and to Compel Plaintiff to Substitute Name of Real Party in Interest Under Fed. R. Civ. P. 17." Docket No. 36. Mr. Byrd has also filed a Supporting Memorandum. Docket No. 37. Mr. Doe has filed a "Response in Opposition to Motion for Reconsideration and Memorandum in Support of Plaintiff's Cross Motion for Protective Order." Docket No. 50

## II. LAW AND ANALYSIS

### A. Motions to Alter or Amend Judgment Under Rule 59

Because there is no federal procedural rule permitting a "motion to rescind prior order," the Court will construe Mr. Byrd's Motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). This Court has recently explained the standards for a Rule 59(e) motion:

> Motions to alter or amend judgment may be granted if there is a
> clear error of law, newly discovered evidence, an intervening
> change in controlling law, or to prevent manifest injustice.
> *GenCorp. Inc. v. Am. Int'l Underwriters, 178 F.3d 804, 834 (6th
> Cir. 1999)*. The movant may not use *Rule 59* to re-argue the case
> or to present evidence that should have been before the court at the
> time judgment entered. See *Roger Miller Music. Inc., v. Sony/ATV
> Publ'g, LLC, 477 F.3d 383, 395(6th Cir. 2007)* (collecting cases).

2

*Botello v. Tenn. Dep't of Corr.*, No. 3:18-cv-00549, 2018 U.S. Dist. LEXIS 135352 at *2, (M.D. Tenn. Aug. 10, 2018).

Moreover, "[a] motion under Rule 59(e) is not an opportunity to reargue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Rule 59 motions are not to be used to raise or make arguments "which could, and should, have been made before judgment issued." *Id.*; *see also FDIC v. World University, Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) ("*Rule 59(e)* motions are aimed at *re*consideration, not initial consideration.") (emphasis in original) (internal quotations omitted).

Due to the narrow purposes of the motion, the judicial system's interest in the finality of judgments, and the conservation of judicial resources, Rule 59(e) motions "typically are denied." *Miller v. Bell*, 655 F. Supp. 2d 838, 844 (E.D. Tenn 2009), *citing* Kane, *Federal Practice and Procedure*: Civil 2d § 2810.1 at 128 (internal quotations omitted).

Motions under Rule 59 must be filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). Mr. Byrd filed his Motion within 28 days after entry of judgment; thus, the Motion is timely under Rule 59.

### B. Mr. Byrd's Motion to Rescind Prior Order

In his Motion and Memorandum, Mr. Byrd does not articulate the Rule 59 standard or attempt to apply it to the Court's prior Order. *See* Docket Nos. 36, 37. Instead, Mr. Byrd seems to view his Motion as an opportunity to reargue the original motion for protective order; a motion that he failed to oppose or even respond to. His entire Memorandum is devoted to arguing the application of the *Porter* factors, as well as some "additional considerations" related to requests to proceed under a pseudonym that have been identified by the United States District Court for the Southern District of New York. Docket No. 37.

Mr. Byrd does not argue that there has been a clear error of law or an intervening change in controlling law. *See* Docket No. 37. Although Mr. Byrd refers in his introductory paragraph to "newly discovered evidence," that evidence appears to be the fact that Mr. Doe has turned 18 since the filing of the Court's prior Order and has filed an amended Complaint advising that he "is no longer a minor and has capacity to pursue this case." *Id.* at 1, 2, *quoting* Docket No. 33 (internal quotation marks omitted). Mr. Byrd also refers to "novel legal theories," specifically, that "[w]ithin the amended complaint, Doe raised for the first time an allegation that he suffered emotional distress, humiliation, shame and fear as a result of the events in question." *Id.* at 2.

Black's Law Dictionary defines "evidence" as:

> Something (including testimony, documents, and tangible objects)
> that tends to prove or disprove the existence of an alleged fact;
> anything presented to the senses and offered to prove the existence
> or nonexistence of a fact <the bloody glove is the key piece of
> evidence for the prosecution>.

Black's Law Dictionary 555 (10th ed. 2014). The Court does not find the fact that Mr. Doe has continued to age to be "newly discovered evidence." Nor does his raising of legal theories, even novel ones, constitute evidence of any kind.

The only remaining factor under Rule 59 is the prevention of manifest injustice. Fed. R. Civ. P. 59(e). While Mr. Byrd does not address this factor explicitly, he does argue that "[i]f Doe were permitted to prosecute this case anonymously, Byrd would be placed at a serious disadvantage, for he would be required to defend himself publicly while plaintiff could make his accusations from behind a cloak of anonymity." Docket No. 37, p. 5. The Court finds that this is an argument that could have been made before the prior judgment issued, and thus is not appropriate for a motion to alter or amend judgment. Mr. Byrd also argues that his "ability to effectively respond to the novel allegations of emotional distress contained within the amended

4

complaint is significantly impaired by allowing this matter to proceed anonymously," and that "Doe has squarely placed his own credibility at the heart of this litigation and Defendants are entitled to have the benefit of the fullness of Doe's claims made public to test their veracity." *Id.* at 6. The Court finds that these arguments fall short of establishing that the Court's prior Order will result in manifest injustice.

### C. Mr. Doe's Cross Motion for Protective Order

Mr. Doe has filed a cross motion for protective order, in which he asks for "additional protections regarding the use of the Plaintiff's real name and identity in this litigation." Docket No. 49, p. 1. Mr. Byrd has filed a "Consolidated Reply & Response in Opposition to Plaintiff's D.E. 49 & 50." Docket No. 57.

A motion for protective order is available to "a party or by the person from whom discovery is sought." Fed. R. of Civ. P. 26(c). The court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" when justice requires. Fed. R. of Civ. P. 26(c)(1). Good cause for the issuance of a protective order is established with "specific facts showing "clearly defined and serious injury" resulting from the discovery sought and cannot rely on merely conclusory statements." *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001) (*per curiam*), *quoting Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987).

After considering the Parties' arguments and the applicable rules and case law, the Court finds that the additional protections requested by Mr. Doe are appropriate and serve the purposes for which the Court's prior protective Order was put into place.

### III. CONCLUSION

For the reasons discussed above, the Court finds no clear error of law, no newly discovered evidence, and no intervening change in controlling law that would justify the granting of Mr.

5

Byrd's motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Nor do the concerns raised by Mr. Byrd require the Court to alter or amend its previous decision to prevent manifest injustice. Mr. Byrd's "Motion to Rescind Prior Order Granting Plaintiff's Motion for Protective Order (D.E. 32) and to Compel Plaintiff to Substitute Name of Real Party in Interest Under Fed. R. Civ. P. 17" (Docket No. 36) is therefore DENIED. Because the additional protections requested by Mr. Doe are appropriate and serve the purposes for which the Court's prior protective Order was put into place, Mr. Doe's Cross Motion for Protective Order (Docket No. 49) is hereby GRANTED.

        IT IS SO ORDERED.

        _____
        Jeffery S. Frensley
        United States Magistrate Judge