IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JOHN DOE,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 1:18-cv-00084 |
| v. | ) JUDGE RICHARDSON |
| | ) |
| DAVID BYRD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Pending before the Court is Defendant Byrd's Motion to Dismiss Amended Complaint (Doc. No. 39), which is joined by Defendants Wayne County School System and Ryan Franks (Doc. No. 62).

## BACKGROUND

At the time of the events in question here, Plaintiff was a public high school student in Wayne County, Tennessee. Plaintiff sued the Wayne County School System; Ryan Franks, the Wayne County High School principal; and David Byrd, a member of the Tennessee House of Representatives for violation of his constitutional rights under the First and Fourteenth Amendments. (Doc. No. 33).

Plaintiff claims that he was compelled to engage in political speech when his school and principal allegedly compelled him to wear a "David Byrd" t-shirt on the school's traditional senior field trip, which (at least that year) was a visit to the Tennessee State Capitol building . At the time of the trip (October 15, 2018), Byrd was an incumbent candidate for (re)election to the Tennessee

---

[1] Although the Court ordered Plaintiff to proceed in this action under his actual name rather than "John Doe," (Doc. No. 72), no filing have since been made in this case, and the Court remains unaware of Plaintiff's name. Any future filings shall use his actual name.

House of Representatives. Plaintiff alleges that wearing the shirt was mandatory (or at the very least understood by Plaintiff and other students to be mandatory, based on the representations and actions of Wayne County Schools staff, who gave the impression that it was mandatory). Plaintiff claims that requiring him to wear the t-shirt in order to attend this event violated his constitutional right not to engage in political speech. Plaintiff argues that the use of school resources to promote political candidates, political campaigns, and partisan politics is a violation of his First Amendment rights to freedom of speech and freedom of association. He also alleges that Byrd conspired with Franks (who is Byrd's nephew) to violate the constitutional rights of students at Wayne County High School, including Plaintiff.

Plaintiff's First Amended Complaint ("FAC") alleges that Plaintiff had to wear the shirt to participate in the senior class trip. (FAC at ¶ 45). Allegedly, rather than wear the t-shirt, he chose not to attend the senior trip. (*Id.*) He further alleges that, as a result, he suffered "harm," emotional distress, fear, shame, and humiliation. (*Id.* at ¶¶ 16, 46, 50, 62, 80). Construed in favor of Plaintiff, the FAC further alleges that Plaintiff was compelled to explain this choice,[2] resulting in compelled political speech; *i.e.*, he was forced either to wear the t-shirt or explain why he would not wear it, and, either way, he was being required to engage in political speech against his will. Thus, the Court construes the FAC to allege that in order to exercise his constitutional right not to wear a political message, he was forced to pay two prices: (1) missing the school trip and (2) giving up his right not to have to explain his choice not to wear the political message.

Plaintiff asserts violations of his constitutional rights resulting from compelled speech, school-sponsored speech, and selective enforcement. He claims that the defendant school system

---

[2] The FAC is not ideally clear on this point, in part because of an unfortunate apparent omission of the phrase "to explain" before the word "why" in the third sentence of paragraph 15 of the FAC.

2

has an official policy, practice, and custom of sponsoring such non-neutral, political speech in years past and at the time in issue here. He seeks money damages, injunctive relief, and declaratory relief.[3]

## **LEGAL STANDARD**

For purposes of a motion to dismiss, the Court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950.

A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), *cited in Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency

---

[3] In places, Plaintiff confusingly alleges, without qualification, that he was "required" to wear the t-shirt. But actually his complaint is not exactly that he was "required", unconditionally, to wear the shirt or that he actually ultimately had to wear it. Instead, his complaint seems to be that he was unconditionally forced to choose between wearing and not wearing the shirt and that he paid an unconstitutional price having chosen the latter option.

does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. This can be crucial, as no such allegations count toward the plaintiff's goal of reaching plausibility of relief. To reiterate, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bold" allegations. *Id*. at 681. The question is whether the remaining allegations – factual allegations, *i.e.*, allegations of factual matter – plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Fed. R. Civ. P. 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id*. at 683.

As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). When a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment. *Doe v. Ohio State Univ.,* 219 F.Supp.3d 645, 652-53 (S.D. Ohio 2016); *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789, 791-92 (M.D. Tenn. 2018).

## BYRD'S MOTION TO DISMISS

Defendant Byrd contends that the Court must dismiss this case for lack of subject-matter jurisdiction because Plaintiff cannot establish an injury-in-fact and, therefore, cannot establish standing to bring this action. Byrd argues that Plaintiff does not claim he actually wore the shirt or that he is fearful of having to wear such a shirt in the future. Byrd claims that Plaintiff has not

4

Case 1:18-cv-00084   Document 73   Filed 03/18/20   Page 4 of 10 PageID #: 355

alleged that he was punished in any way by any of the Defendants. He states that Plaintiff's "indirect and speculative allegations of self-imposed emotional anguish fail to satisfy the definite and concrete requirements of an injury-in-fact under the law." (Doc. No. 40 at 1).

Plaintiff, in response, maintains that he suffered unnecessary and wholly avoidable emotional distress and missed a school-sponsored event that he was entitled to attend. Plaintiff characterizes his having to miss the school trip as "punishment" for refusing to engage in political speech. He claims that he has alleged a concrete harm that occurred when he was deprived of the senior trip, and not merely a "subjective chill," as suggested by Byrd. (Doc. No. 48 at 9-10).

## STANDING

Federal courts are courts of limited jurisdiction. *Roath v. Lee*, No. 3:17-cv-00995, 2019 WL 3066533, at * 5 (M.D. Tenn. July 12, 2019). In other words, federal courts "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Id*. Therefore, subject-matter jurisdiction is a threshold issue[4] that the Court must address and resolve prior to reaching the merits of the case. *Id*.; *see also* Fed. R. Civ. P. 12(h)(3). ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A motion that alleges lack of standing is properly characterized as a motion to dismiss due to lack of subject-matter jurisdiction, cognizable under Fed. R. Civ. P. 12(b)(1). *Roath,* 2019 WL 3066533, at * 10. Where subject-matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Id*.; *Wayside Church v. Van*

---

[4] This reflects the fundamental principle that jurisdiction is the power to declare the law, and when it ceases to (or never did) exist, the Court's only remaining function is to announce the absence of jurisdiction and dismiss the case. *See Coutu v. Bridgestone Americas, Inc.*, No. 3:17-cv-01492, 2019 WL 6492899, at * 1 (M.D. Tenn. Dec. 3, 2019).

*Buren Cty.*, 847 F.3d 812, 817 (6th Cir. 2017). Rule 12(b)(1) motions fall into two categories: facial attacks and factual attacks. *Roath*, 2019 WL 3066533, at * 6. A facial attack is a challenge to the sufficiency of the pleading itself, requiring the Court to take allegations in the complaint as true and construe those allegations in the light most favorable to the non-moving party. *Id.*[5] Byrd's challenge to the First Amended Complaint is a facial attack.

To satisfy Article III's standing requirements, a plaintiff must show: (1) he or she has suffered an "injury-in-fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Roath*, 2019 WL 3066533, at * 10 (citing *Soehnlen v. Fleet Owners Ins. Fund*, 844 F.3d 576, 581 (6th Cir. 2016)). Byrd challenges only the sufficiency of the first of these elements—the requirement of a sufficient injury-in-fact (*i.e.,* an injury-in-fact that is concrete, particularized and either actual or imminent).

For an injury to be "particularized," it must affect the plaintiff in a personal and individual way. *Roath*, 2019 WL 3066533, at * 10. A "concrete" injury, on the other hand, must actually exist. *Id*. A "concrete" injury must be "*de facto* "; that is, it must actually exist. *See* Black's Law Dictionary 479 (9th ed. 2009). "When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term—'real,' and not 'abstract.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), *as revised* (May 24, 2016) (quoting Webster's Third New International

---

[5] A factual attack, on the other hand, is a challenge to the factual existence of subject-matter jurisdiction. *Roath*, 2019 WL 3066533, at * 6 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F. 2d 320, 325 (6th Cir. 1990)). In evaluating a factual attack, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence to arrive at its decision of whether it has power to hear the case. *Id*. (citing *United States v. Chattanooga-Hamilton Cty. Hosp. Auth.*, 782 F. 3d 260, 265 (6th Cir. 2015)).**Error! Main Document Only.**

Dictionary 472 (1971)). Unless an alleged injury satisfies both requirements, it cannot give rise to standing under Article III. *Id*. At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss, a court presumes that general allegations embrace those specific facts that are necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).[6]

Byrd argues that Plaintiff has failed to allege a judicially cognizable injury, claiming that Plaintiff has alleged that he simply "chilled his own speech" by not objecting to the t-shirts and not attending the field trip, and that it was his "self-imposed chill" that caused him any emotional distress, humiliation, shame, and fear. Byrd maintains that Plaintiff's "subjective chill" is not enough to establish standing; rather, Byrd argues, Plaintiff must allege some concrete harm other than inhibition of speech. Byrd contends that Plaintiff has failed to identify any harm that would have befallen him if he had voiced his objection to the t-shirts, elected not to wear the t-shirt, and attended the field trip, but the Court knows of no obligation for Plaintiff to identify any harm that *would have happened* if things had unfolded differently.

More generally, the Court rejects Byrd's approach to identifying (and then seeking to debunk) the alleged injury-in-fact. The Court cannot accept that the alleged "injury in fact" is merely an alleging "chilling" of free speech (let alone a self-imposed one). The FAC is not 100 percent transparent in this regard, but construed liberally as required, it does allege with sufficient clarity not only the alleged constitutional violations but also the alleged injuries-in-fact resulting from those alleged violations.

---

[6] In response to a summary judgment motion, by contrast, a plaintiff can no longer rest on mere allegations but must set forth by affidavit or other evidence the specific facts which will be taken as true for purposes of summary judgment. *Lujan*, 504 U.S. at 561.

7

The FAC alleges that Plaintiff was unconstitutionally: (1) excluded from a public school-sponsored event as a result of his refusal to wear a t-shirt; and (2) forced to explain that refusal.[7] (Doc. No. 33 at ¶ 15). He contends that, as a result of these alleged violations of his constitutional rights, he actually suffered humiliation, shame, fear, and emotional distress—not to mention missing out on a presumably worthwhile school trip. Given the particular factual allegations made by Plaintiff, such emotional injury relatively easily satisfies all requirements of the first element of standing, save one: the requirement that such injury be "concrete." But the Court ultimately finds such injury does qualify as concrete.

In *Roath*, this Court found that the plaintiff's alleged injuries—shock, extreme anxiety, and immense anxiety—from an alleged violation of his constitutional rights were sufficient to confer standing upon the plaintiff, meaning it did constitute a sufficient injury-in-fact. *Roath*, 2019 WL 3066533, at * 11 2019 WL 3066533 (quoting *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974)) (holding that mental and emotional distress constitute compensable injury in Section 1983 cases)). The Court noted that the plaintiff had alleged a "hostile, coercive, isolating and inherently intimidating environment." Plaintiff's assertions about the morning at issue in this case are similar. The Court concludes that the kind of emotional harm alleged by Plaintiff constitutes a sufficient injury-in-fact—at least where, as here, it allegedly results from conduct that specifically was directed at the plaintiff and in violation of the plaintiff's own constitutional rights. This conclusion is buttressed by the reality

---

[7] Notably, Defendant does not challenge the sufficiency of Plaintiff's allegations that the alleged exclusion was the result of his refusal, that such exclusion was unconstitutional, that he was forced to explain his refusal, or that the forcing of the explanation was unconstitutional. He challenges *only* the sufficiency of the allegations of an injury-in-fact resulting from these alleged unconstitutional actions. Accordingly, the Court herein treats as viable, and adequately supported with factual allegations, Plaintiff's theories as to what the constitutional violations were.

8

that, as alleged by Plaintiff, such injury certainly "exist[ed]" and was "real," *Spokeo, Inc.*, 136 S. Ct. at 1548, even though it may be more "abstract," *id.*, than some other kinds of injuries-in-fact.

Turning to the alleged denial of participation in his senior class trip, a visit to the Tennessee State Capitol building, the Court perceives that there is hardly abundant case law precisely on point. But the Court nevertheless concludes that this deprivation also constitutes a sufficient injury in fact. Instructive case law suggests as much. *See, e.g., Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.,* 867 F.3d 1093, 1099 (9th Cir. 2017) *(*finding that plaintiffs, who alleged injury from the fact that they would have visited the defendants' hotels but for defendants' violations of federal law, "sufficiently alleged injury in fact")[8]; *Lavin v. Chicago Bd. of Ed.,* 73 F.R.D. 438, 440 (N.D. Ill. 1977) (plaintiff's alleging unconstitutional denial of participation in interscholastic athletics program "satisfie[d] the Article III requirement of standing as she alleges injury in fact from the actions of the Board of Education defendants")*.* And the Court believes that each of the requirements of the first element are satisfied: the alleged, actual, lost participation in a particular school trip is an alleged actual injury that is both concrete ("real") and particularized (as to Plaintiff).

Thus, Plaintiff's allegations of emotional injury, and of exclusion from his senior class trip, are sufficient to satisfy the first element of standing, *i.e.*, a sufficient injury-in-fact.[9] Defendants

---

[8] In *Civil Rights Educ. & Enf't Ctr.*, the court drew a distinction between plaintiffs who had "concrete travel plans," which suffice to show standing, and plaintiffs who did not. 867 F.3d at 1100. Here, Plaintiff's plans for travel were concrete, and the planned travel was imminent, not speculative or hypothetical.

[9] To be clear, the Court does not find that any alleged injuries-in-fact resulted from Plaintiff being "forced" to wear the t-shirt. It finds that alleged injuries-in-fact (sufficient to satisfy the first element of standing) resulted from Plaintiff allegedly doing what allegedly he needed to do *not* to wear the shirt (consistent with his right not to wear it).

9

Case 1:18-cv-00084   Document 73   Filed 03/18/20   Page 9 of 10 PageID #: 360

have not moved to dismiss on any other basis, so other questions—including whether the alleged injuries-in-fact resulted from any constitutional violation—are for another day.

## **CONCLUSION**

For these reasons, Defendant Byrd's Motion to Dismiss (Doc. No. 39) will be denied. An appropriate order will be entered.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE